105 F.3d 660
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of A AND C ELECTRIC COMPANY, INCORPORATED,
Debtor-Appellee.
Appeal of William T. DIVANE, Jr., Terry R. Butz, Michael J.
Caddigan, et al., as the Electrical Insurance Trustees.
 No. 96-2046.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 6, 1996.
Decided Dec. 23, 1996.
Rehearing and Suggestion for Rehearing En Banc Denied Jan. 17, 1997.
 
 Before CUMMINGS, RIPPLE and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Debtor A and C Electric Company, Inc. ("A and C") is in the electrical contracting business and employs electricians who are members of Local 134, International Brotherhood of Electrical Workers ("IBEW"). Before this bankruptcy proceeding was filed, A and C agreed to be bound by a collective bargaining agreement between the Electrical Contractors Association of the City of Chicago, Inc. and the IBEW. That agreement required signatories to make fringe-benefit contributions to the appellant Electrical Insurance Trustees ("Trustees") serving under a 1930 agreement between the IBEW and the Electrical Contractors Association of the City of Chicago. The Trustees administer a fund[1] and have established an employee benefit plan providing health and welfare benefits to eligible participants.
 
 
 2
 In its collective bargaining agreement with the IBEW, A and C agreed that it does not violate the collective bargaining agreement for the IBEW to remove A and C electricians if A and C is delinquent in paying wages and fringe benefits. In that event, health and welfare coverage is suspended for those IBEW members employed by A and C.
 
 
 3
 During the summer of 1995, A and C became delinquent because it did not make the required benefit payments to the Trustees. On August 16, 1995, A and C filed a petition for relief under Chapter 11 of the Bankruptcy Act (11 U.S.C. §§ 101-1330) after obtaining a $25,000 bond to secure contributions due the Trustees.
 
 
 4
 On October 11, 1995, the Trustees filed a proof of claim in the bankruptcy proceeding asserting that A and C was indebted to them for $51,508.59 for unpaid contributions in June, July and August 1995.
 
 
 5
 On October 26, 1995, the Trustees wrote a letter to A and C employee-participants in the fund advising them that their health and welfare benefits would be suspended on December 1 unless A and C paid the amounts due the Trust by November 15. The letter also stated that the suspension only applied while the recipients of the letter were working for A and C.
 
 
 6
 In the bankruptcy court, A and C contended that the Trustees' letter violated the automatic stay contained in Section 362(a)(6) of the Bankruptcy Act (11 U.S.C. § 362(a)(6)) because the letter was an attempt by the Trustees to recover payments from A and C that were delinquent prior to commencement of the bankruptcy.
 
 
 7
 Thereafter the Trustees claimed they were not attempting to collect a pre-petition debt but were merely informing the employees that A and C was delinquent in its contributions, which would result in the suspension of their health and welfare benefits. The Trustees had earlier sought payment of the delinquent pre-petition contributions from A and C's bonding company before December 1, 1995, but were otherwise seeking to obtain the balance from A and C.
 
 
 8
 Subsequently A and C requested sanctions against the Trustees for violating the statutory automatic stay. An official of the Electrical Insurance Trustees Insurance Fund testified that the fund only wanted A and C to pay the pre-bankruptcy amounts due and owing and stated that the Trustees would not accept any payment of the delinquency except by A and C company check. He added that if any party except A and C or its bonding company paid A and C's past-due obligations to the Trustees, its employees' health and welfare benefits would remain suspended for those continuing to work for A and C, even if an employee himself paid the delinquency.
 
 
 9
 The bankruptcy judge found that the purpose of the Trustees' October 26th letter was to collect their claim against A and C by forcing it to pay the delinquent pre-petition contributions. He also found that the letter threatened A and C with the loss of its employees, thus putting pressure on A and C to pay the pre-bankruptcy debt or lose its workers, thus collapsing its business. He concluded that unless the Trustees' October 26th letter was rescinded or the arrearage paid by December 1, A and C's Chapter 11 reorganization effort would likely fail. Consequently, he held that the Trustees had violated 11 U.S.C. § 362(a)(6), which provides for a stay of any act to collect a claim against the debtor that arose before the commencement of the bankruptcy case. See 188 B.R. 975. The district court subsequently affirmed the bankruptcy judge's order (193 B.R. 856) and thereafter A and C's plan of reorganization was confirmed.
 
 Discussion
 
 10
 A and C contends that the appeal is moot. We agree.
 
 
 11
 The bankruptcy judge imposed no sanctions on the Trustees if they would withdraw the threatened suspension, and they did so without any contempt order. Furthermore, the Chapter 11 plan of reorganization was confirmed by the bankruptcy judge and under that plan the contributions due the Trustees are to be paid in full, so that there is no basis for the Trustees to suspend any of A and C employees' benefits. In addition, the Section 362 automatic stay is no longer in effect because the reorganization plan has been confirmed and the Trustees are no longer prohibited from suspending benefits when appropriate. Finally, this debtor is now out of bankruptcy and there has been no showing that the same controversy will recur.
 
 
 12
 Appeal dismissed for mootness.
 
 
 
 [1]
 The fund is called the Electrical Insurance Trustees Insurance Fund for Electrical Contractors